```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                           EASTERN DIVISION
```

GREATER ST. LOUIS AREA COUNCIL,    )
BOY SCOUTS OF AMERICA, INC.,       )
                                   )
            Plaintiff,             )
                                   )
      v.                           )    No. 4:05 CV 1285 DDN
                                   )
FARMERS INSURANCE COMPANY, INC.,   )
and DAIMLER CHRYSLER INSURANCE     )
COMPANY,                           )
                                   )
            Defendants.            )

### MEMORANDUM AND ORDER

This matter is before the court on the motion of defendant Farmers Insurance Company, Inc. to join an indispensable party under Federal Rule of Civil Procedure 19. (Doc. 15.) The parties have consented to the authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 12.)

### Background

Plaintiff Greater St. Louis Area Council of Boy Scouts of America, Inc., brought this action for declaratory judgment against defendants Farmers Insurance Company, Inc., and Daimler Chrysler Insurance Company. Plaintiff wants this court to declare that it was insured at the time of an automobile accident under certain insurance policies issued by defendants,[1] to declare that defendants are obligated to provide a defense in two underlying lawsuits, and to indemnify it for attorney's fees and costs associated with the underlying lawsuits.[2]

Defendant Farmers Insurance moved this court to join Liberty Mutual Insurance Company as a plaintiff in the instant case. Defendant argues that under Federal Rule of Civil Procedure 19, Liberty Mutual is an

---

[1] Farmers Policy No. 14-14298-38-77; and Chrysler Policy No. CAR10100. (Doc. 1 at 2.)

[2] Plaintiff is a defendant in two underlying state court actions, which allege that it was vicariously liable for the negligence of Robert Dowgwillo, who is a co-defendant in those cases. Dowgwillo was involved in an automobile accident. (Doc. 1 Ex. 3, Ex. 4.)

indispensable party, because Farmers Insurance could be exposed to multiple liability if Liberty Mutual is not joined.  Farmers Insurance argues that plaintiff was also insured under Liberty Mutual policy No. TB1-191-409751-122 at the time of the automobile accident.  Defendant Farmers Insurance argues that the defense costs that plaintiff seeks from defendants have already been paid by Liberty Mutual.  Defendant argues that it and Liberty Mutual are required to each pay the costs pro rata.  Therefore, if Liberty Mutual is not joined, it may seek contribution from Farmers Insurance, and Farmers Insurance could be subject to multiple liability if this court declares it should defend and indemnify plaintiff.  (Doc. 15.)

## **Discussion**

Federal Rule of Civil Procedure 19 "governs when joinder of a particular person is compulsory." Gwartz v. Jefferson Memorial Hosp. Ass., 23 F.3d 1426, 1428 (8th Cir. 1994).  The court must first determine whether the excluded party is "necessary." Id. Federal Rule of Civil Procedure 19(a) provides, in relevant part:

> A person . . . shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

Liberty Mutual is a necessary party under Rule 19(a)(2).  The absent party must "claim[] an interest relating to the subject of the action. . . ." Fed. R. Civ. P. 19(a)(2).  Taking what defendant says as true, that plaintiff is also insured by Liberty Mutual and that Liberty Mutual may be entitled to contribution from Farmers Insurance, then Liberty Mutual has an interest in this action. See Gwartz, 23 F.3d at 1429 (whether there is an "interest" should be construed from a practical sense).

Defendant argues it can be exposed to double liability, by being held liable both in this case if found liable to plaintiff, and in an additional lawsuit brought by Liberty Mutual seeking contribution because it is already defending and indemnifying plaintiff. This court agrees. If Liberty Mutual is not joined so as to determine in one suit the obligations of each insurer with respect to plaintiff, Liberty Mutual could bring a second lawsuit against Farmers Insurance, seeking contribution. This may expose Farmers Insurance to double liability for the indemnification of plaintiff.

Therefore, this court finds that Liberty Mutual is a necessary party and should be joined under Federal Rule of Civil Procedure 19. See Ranger Transp. v. Wal-Mart Stores, 903 F.2d 1185, 1187 (8th Cir. 1990). Joinder is proper, because defendant asserts that Liberty Mutual is subject to service of process here because it does business in Missouri, and that joining it will not destroy diversity because it is a Massachusetts corporation. See 28 U.S.C. § 1332;[3] Ranger, 903 F.2d at 1187.

For these reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Farmers Insurance Company, Inc., to join Liberty Mutual Insurance Company as a party plaintiff (Doc. 15) is sustained.

                                                          /s/ David D. Noce

**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 25, 2006.

---

[3] Federal courts have jurisdiction over matters when the amount in controversy exceeds $75,000 and the parties are citizens of different states. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332.